■Mr. Justice MILLER
 

 delivered'the opinion of the court.
 

 The offers, as to the usé of opiates and the unsound men-'; tal condition, are the subjects of the first bills of exception.
 

 We do not agree with counsel that, for the insanity of plaintiff, or her mental incapacity to perform her part of the contract, whether from natural infirmities or from the use of o'jiium, the only remedy of the defendant is an action against her on the eontfáct. The,plaintiff was employed to perform important and specific duties. Her compensation for this was to be one-fifth of the net proceeds of the, business which she had agreed to superintend. If she rendered herself, or otherwise became, incapable of performing these duties, that of itself authorized defendant to rescind or. terminate the contract. He was not bound to continue as the superintendent of a large hotel a pérson who was a lunatic, or who was so stupid under the influence of narcotics that her presence was a danger and an injury, and who could render Uo reasonable service. The contract on her part' implied some capability of performing the duties she had'assumed, of renderingi some service. If she could render none defendant was not bound to continue it even for the-thirty days which the termination of it by notice required. The court below erred in refusing to admit this evidence.
 

 The defendant offered evidence of a service of notice on the 11th July on plaintiff?' under the contract, to terminate it. . Also evidence of service of a notice ou the 19th September of his- intention to’ act on the first notice, and that the time-had expired. Testimony was also given tendi. g to show a waiver or withdrawal of the first notice. The pfifintiff' was dismissed about the 4th of October. On this testimony the court was asked by defendant to instruct the jury that, even if the notice of July 11th had been wholly withdrawn, the subsequent notice of September 19th was in legal
 
 *407
 
 effect a renewal of the formeivnotice, and, of itself operated to terminate the said contract at the expiration of-thirty days from its date.
 

 Assuming as the bill of exceptions seems to show,'that the date of the notipé of September 19th w;as the daté .of its service on. plaintiff,, We‘think the court erred in refusing this prayer.
 

 The only object or purpose of any notice in the case was ►to apprise the party on, whom it'w.is -served that the other party intended to terminate the contract. The contract itself fixed the time when this should take place, namely, thirt3r. days after-the, service. The fact that the notice refers to a past notice- and speaks, of -the termination of the contract as being already accomplished, does not destroy its effect as a' notice of preseiit intent to put an end to the arrangement. This notice of intent the contract'makes, effectual at the end of thirty days, and so the court was' asked to instruct the jury!' In declining to do this the, court left the jury to infer that it'liad no'effect whatever.
 

 It is probable that if the first notice'was wholly waived or abandoned the defendant had no'right to dismiss the plaintiff until the'19th day of October. But even in reference to damages defendant had a. right to- show that., under the contract and the notice she had only fifteen days to remain, and was injured only to that extent.'
 

 Judgment reversed.