W. A. OLDFIELD, Appellant, v. CHEVROLET MOTOR COMPANY OF NEBRASKA, Appellee.

CONTRACTS: Termination—Ineffective Notice. A notice of the cancellation of a contract within a time *which is short of that required by the contract* neither cancels the contract nor works a cancellation of the contract *at the expiration of the period stipulated by the contract.*

CONTRACTS: Cancellation by Mail. Principle recognized that the *mailing* of a notice is not always the equivalent of *then* placing the notice in the hands of the person to be notified. So held in the case of a contract notice for the *cancellation* of a contract.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

JUNE 24, 1924.

ACTION at law, to recover an additional discount provided for by a contract between a retail dealer in automobiles and a distributing company. The opinion states the facts. From a judgment upon a directed verdict for defendant, the plaintiff appeals.—*Reversed and remanded.*

*J. A. Ralls* and *Nourse & Nourse,* for appellant.

*Parsons & Mills,* for appellee.

VERMILION, J.—The plaintiff, the appellant, doing business in Des Moines under the name of the Oldfield Motor Car Company, on July 24, 1919, entered into a written contract with the

1. CONTRACTS: termination: ineffective notice.

defendant, appellee, the Chevrolet Motor Company, of Nebraska, for the sale by him in certain designated territory, of Chevrolet automobiles. The contract provided that cars should be supplied by appellee to appellant at the current list prices, or prices set by the manufacturer from time to time. The price list issued by the appellee showed the retail prices of different models of cars and certain discounts therefrom which would be allowed dealers, and contained this further provision:

"In addition to the above discounts, providing your selling agreement is in force July 31, 1920, an additional 2%, payable on or before September 1, 1920, will be allowed on the net volume of business of Model 'Four-Ninety' new cars purchased from us and paid for from August 1, 1919, to July 31, 1920, providing, further, you have taken delivery of your full and complete allotment each month as due from October 1, 1919, to March 31, 1920, inclusive."

The contract did not state the period of time during which it should remain in force, but contained the following provision: "Either party may cancel this agreement by five days' written notice to the other."

In July, 1920, appellee's sales manager visited appellant, and a change was made in the business. There is some dispute as to what was done and said on this occasion, but it is undisputed that the appellee rented from appellant his place of business, and took back from him a considerable number of unsold cars and a stock of parts, and proceeded to carry on the business of selling cars at retail, and that appellant retained a number of cars and occupied one room of the building, where he continued for a time the sale of Chevrolet cars. The sales manager returned to Omaha on the evening of July 13, 1920, and after his arrival there, wrote the appellant a letter, dated July 13th, which is as follows:

"As arranged while at your place of business on July 13th, we are canceling your selling agreement with this company. This is in accordance with Clause No. 8 and the cancellation becomes effective within five days from the date of this letter. If you will kindly return to us copy you hold of selling agreement dated July 24, 1919, we will be glad to refund the amount you

have placed with us as a deposit after making deductions for any amount that may be owing us. Please accept our thanks for the business you have given us in the past."

This letter was mailed in Omaha, late at night on the 13th, or in the early morning of the 14th. It was received by the appellant in due course of mail, but at just what time is not shown. The appellant did not comply with the request to return his copy of the selling agreement, and no further change was made in the business until after the expiration of the month.

After September 1, 1920, appellant brought this action to recover the discount of 2 per cent on the net volume of business done by him in the designated models during the year preceding July 31, 1920. Upon the trial, at the close of all the evidence, the court overruled a motion for a directed verdict for plaintiff, and, on motion of the defendant, directed a verdict in its favor.

There is no dispute as to the amount which plaintiff would be entitled to recover, if the so-called selling contract was in force on July 31, 1920; but it is the contention of the defendant that the contract was canceled before that date by the letter dated July 13th, and above set out. This presents the vital question in the case.

The contract, while signed by the appellant and by appellee's sales manager on behalf of appellee, is in the form of a communication from the appellee to the former, and is in print, with blanks appropriately filled. The total volume of business upon which appellant claims to be entitled to the additional 2 per cent discount, if he is entitled to recover at all, is $147,709.78, upon which the discount would amount to $2,954.20. If what was done operated to cancel the contract, the cancellation became effective but twelve or thirteen days before the date on which, had the contract continued in force, it is conceded appellant would have been entitled to recover the additional discount on the previous year's business.

The notice of cancellation refers to an arrangement made at appellant's place of business on July 13th. There is a dispute in the testimony as to whether any arrangement for the cancellation of the contract had been then made. The appellant testified that the sales manager told him on that date that he was to

continue right along in the business, and was to have a new contract at the end of the month.   The action of the court in directing a verdict for defendant must be sustained, if at all, upon the theory that the letter of July 13th, standing alone, operated to cancel the contract before July 31st.

The notice given by the letter was that ''we are canceling your selling agreement with this company.   This is in accordance with Clause 8 and the cancellation becomes effective within five days from the date of this letter.''   We are not disposed to attach especial importance to the reference to a previous arrangement, or to the statement that ''we are canceling your contract,'' as indicating an effort at immediate cancellation, in view of the statement following it that the cancellation will become effective within five days; although there is authority for appellant's contention in that respect.   *Star-Chronicle Pub. Co. v. United Press Assn.,* 204 Fed. 217.

The contract provided, however, for cancellation by ''five days' written notice.''   The notice was, in terms, that the cancellation would become effective ''within five days.''   Whether the contract is to be construed as requiring five clear days' notice, or the five days are to be computed by excluding the first and including the last, as provided by Paragraph 23 of Section 48 of the Code, we think a notice that the cancellation would be effective within five days was not in conformity with the contract provision for five days' notice.

Furthermore, the notice stated that the cancellation would become effective ''within five days from the date of this letter.'' While, as we have said, the exact date of the receipt of the letter by appellant is not shown, it appears that it was received in due course of mail.   It was mailed in Omaha, shortly before or after midnight on the night of the 13th.   It is quite apparent that it could not have been received by the appellant in Des Moines earlier than some time on the 14th.   The five days' notice required by the contract began to run, not from the date of the letter or the date of its deposit in the mail, but from the date of its receipt by appellant, or at least from such time as it should have reached him in the ordinary course of mail.   *Wheeler v. McStay,* 160 Iowa 745, and cases there cited; *McCord v. Masonic Cas. Co.,* 201

2. CONTRACTS: cancellation by mail.

Mass. 473 (88 N. E. 6); *Rees v. Pellow,* 97 Fed. 167; *Star-Chronicle Pub. Co. v. United Press Assn.,* supra.

It is clear that, under the contract, the appellee had no right to cancel it by a notice for a shorter time than five days; and that a notice declaring a cancellation effective within five days from a date one day prior to that on which it could, by any possibility, have been received by the appellant, did not, under any method of computation, give five days' notice.

The letter was notice of cancellation within five days from its date. It did not purport to cancel the contract at the expiration of five days from its date; much less, at the expiration of five days from its receipt by the appellant. It expressly declared that the cancellation would be effective within, not at the expiration of, a period that was itself short of that required by the contract and the law. It was insufficient, under the terms of the contract, to effectuate a cancellation at the time specified in the notice. The inquiry, of course, is not at what particular date the contract was canceled, but whether a notice that, by its terms, did not conform to the requirement of the contract, was effectual to cancel it at all.

We perceive no theory upon which it can be held that the contract was canceled, unless it must be said that, notwithstanding the declaration in the notice that the cancellation would be effective within five days from its date, it nevertheless operated to work a cancellation at the expiration of five days from its receipt by the appellant. Can its terms be changed or broadened by any process of construction to give it the effect to cancel the contract at some later date than that fixed in the notice, at which it might, by a proper and timely notice, have been canceled? It has been said that such a notice is the document of the person giving it; the language is chosen by him; and if it fails to convey clearly his meaning to the other party, the fault is his, and the consequences must be upon him. *Carpentier v. Thurston,* 30 Cal. 123. Not only is this true in the present instance, but the contract was apparently one prepared by the appellee for use with its dealers generally, and the provision for its cancellation was such as it saw fit to impose. The attempted cancellation was less than two weeks prior to the date on which the appellant would be entitled, if the contract were then in force,

to nearly $3,000 of additional discount on purchases made under it during the year preceding. This situation presents no persuasive reasons for relaxing established rules of construction as to either the contract or notice, in aid of so harsh a proceeding. It could not, we think, be claimed that a notice declaring a present, immediate cancellation would be effective to cancel the contract at the expiration of the time stipulated in the contract. It was held in *Star-Chronicle Pub. Co. v. United Press Assn.*, supra, that a notice stating a present intention to discontinue a contract was insufficient as a notice that the contract would be discontinued at the expiration of 60 days, where the contract provided for its discontinuance upon at least 60 days' notice. Nor do we see how, if the contract had provided for cancellation upon 30 days' notice, a notice declaring it canceled at the expiration of 5 days could have been effective.

It is imposing no undue hardship upon appellee to hold it to a strict compliance with the terms of a contract dictated by it, when it undertakes to enforce a provision for the cancellation of the contract under circumstances so advantageous to its interest.

In the case of *Lyon v. Pollard*, 87 U. S. 403 (22 L. Ed. 361), it was held that a notice given in renewal of a former 30-day notice required to terminate a contract would be effective at the expiration of 30 days from the date of its service. But we think there is nothing in that case, when the facts are considered, inconsistent with the view here expressed, that a notice expressly declaring a cancellation effective at a time short of that stipulated in the contract does not operate to work a cancellation at the expiration of the stipulated period.

The trial court was in error in holding that the contract had been canceled. Upon the record presented, the motion of plaintiff for a directed verdict should have been sustained, and that of defendant overruled.—*Reversed and remanded.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.