### CHEVROLET MOTOR CO. v. McCULLOUGH MOTOR CO.

(Circuit Court of Appeals, Ninth Circuit. May 25, 1925.)

No. 4394.

Damages ⊜⟶11—Nominal damages only recoverable for breach of contract terminable on short notice.

Only nominal damages are recoverable for breach of a contract which by its terms is terminable by either party on five days' notice.

In Error to the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Action at law by the McCullough Motor Company against the Chevrolet Motor Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

The defendant in error was the plaintiff in the court below in an action against the plaintiff in error to recover damages for breach of contract. The parties will be named herein plaintiff and defendant, as in the court below. The complaint alleged in substance that on August 1, 1922, the defendant entered into a contract with the plaintiff, giving it exclusive representation for the sale of Chevrolet automobiles in a designated territory, and attached to the contract was a schedule of the cars to be furnished by the defendant to the plaintiff for sale during the year covered by the contract, 125 cars to be sold at retail and 21 at wholesale; that the plaintiff performed the terms and conditions of the contract up to January 20, 1923, but that on said date the defendant, without the plaintiff's consent, breached the contract and entered into a new and similar contract with Missoula Tire & Auto Company to sell Chevrolet automobiles in the territory covered by the plaintiff's contract, which contract operated to deprive the plaintiff of its representation, and thereafter the defendant ignored the plaintiff and ceased to do business with it. The complaint proceeded to set forth the items and grounds of the plaintiff's damages resulting from the alleged breach of contract.

The defendant in its answer admitted that at no time did it recognize the plaintiff after the contract was terminated, and that it recognized no further rights under said contract in the plaintiff, except as provided therein in case of its termination, and it alleged that on or about January 21, 1923, the defendant notified the plaintiff that by reason of the latter's failure and neglect to develop said territory to defendant's satisfaction, and to sell automobiles in a manner and to an extent and quantity satisfactory to the defendant, the defendant terminated the contract and then and there notified the plaintiff of the termination; that the contract provided that either party thereto might cancel the same by 5 days' written notice to the other, and that on January 22, 1923, the plaintiff was notified in writing by the defendant that the defendant was canceling the contract, the cancellation to become effective within 5 days thereafter.

At the close of all the testimony the defendant moved the court to direct a verdict in its favor, on the ground that the evidence showed the contract to have been lawfully terminated under its terms; that the plaintiff failed to prove demand for the cars not delivered to it for which it claimed damages, or to prove that it was able, willing, and ready to receive the automobiles and pay for the same. The motion was denied. The jury returned a verdict for the plaintiff for $4,000, and judgment was rendered thereon.

Fitzgerald, Abbott & Beardsley and Charles A. Beardsley, of Oakland, Cal., for plaintiff in error.

W. L. Murphy, A. N. Whitlock, E. C. Mulroney, and R. E. Mulroney, all of Missoula, Mont., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The parties were operating under a contract which was precarious, in that it was terminable upon a very short notice. The case was submitted to the jury on the theory that the defendant, having committed a total breach of contract by taking the agency entirely out of the hands of the plaintiff and placing it in the hands of another corporation, could not thereafter avail itself of any of the provisions of the contract, among which was the right to terminate the same upon 5 days' notice. The jury were instructed that the plaintiff could recover for the loss occasioned by the breach, taking into consideration what it could reasonably have gained upon full performance by both parties. That instruction is assigned as error.

In 13 C. J. 337, it is said: "Where one party reserves an absolute right to cancel or terminate the contract at any time mutuality is absent." In Ellis v. Dodge Bros. (D. C.) 237 F. 860, Judge Newman said: "It seems to me that, with this provision in the contract for its cancellation by either party, and without any reason given therefor, simply the right to cancel at will, it would be practically no contract at all. * * * To agree to do something and reserve the right to cancel the agreement at will is no agreement at all." In Oakland Motor Car Co. v. Indiana Automobile Co., 201 F. 499, 121 C. C. A. 319, where the contract provided that it might be canceled by either party on 30 days' written notice, it was held that for lack of mutuality the contract was not enforceable. Of similar purport is Gurfein v. Werbelovsky, 97 Conn. 703, 118 A. 32.

There can be no question but that, if the contract here involved had been canceled in the manner prescribed therein, by giving the 5 days' notice, there could be no recovery

of damages for breach of contract. But, the contract having been repudiated prior to the giving of the notice, the question arises: What is the liability of the defendant for the breach? In Wilson v. Studebaker Corp. of America (D. C.) 240 F. 801, 805, the court said: "A contract to do a thing, coupled with the right of revocation at any time, would indeed seem to be no contract at all. This is, however, an entirely different thing from ruling that, where a party to a contract has defaulted, he may not be held answerable for his default, even although he had the right to have relieved himself of the obligation by a revocation." In such a case, may a recovery of damages be had against the party which has breached the contract, measured by what the other party would have earned if the contract had been carried out for the full period thereof?

No decision is cited which so holds. It seems reasonable to hold, however, that there could be no recovery, other than for nominal damages for breach of a contract which was subject to cancellation by either party upon 5 days' notice, and that in the case at bar the plaintiff could not, by reason of the defendant's breach, acquire rights greater than those which the contract gave it. In Sedgwick on Damages (9th Ed.) § 668, it is said: "When the contract is terminable at any time on notice, and the servant is discharged without formal notice, the discharge is to be regarded as notice, and he may recover wages up to the time of discharge, but only nominal damages for the discharge." So in Fisher v. Monroe, 2 Misc. Rep. 326, 21 N. Y. S. 995, it was held that, where a contract for employment expressly provides that it may be terminated by either party thereto by giving 2 weeks' notice, the damages which the employé is entitled for a discharge without such notice is the amount of the salary for 2 weeks. And in Derry v. Board of Education, 102 Mich. 631, 61 N. W. 61, where the contract of employment provided that it might be terminated on one week's notice, it was held that the employé was entitled only to one week's salary as damages. The court said: "The board refused him employment at the opening of the school. This was equivalent to notice, and entitled him to recover for only one week's salary." In Cronemillar v. Duluth-Superior Milling Co., 134 Wis. 248, 114 N. W. 432, in a case where, according to its terms, the contract of employment was terminable at any time, the court held that refusal to let the employé begin work was a breach of the contract, entitling the employé to nominal damages. We are of the opinion that, upon the pleadings and proof in the present case, the plaintiff could recover from the defendant no more than nominal damages.

The judgment is reversed, and the cause is remanded for a new trial.