## SHARPE v. GREAT LAKES STEEL CORPORATION.

United States District Court
S. D. New York.
Jan. 25, 1950.

692

Irving Schneider, New York City, for plaintiff.

Simpson, Thacher & Bartlett, New York City, Charles E. Lewis, Richard B. Persinger, Frederick B. Sussman, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

A motion was made by plaintiff herein for summary judgment in his favor,—(1) as to the first, third and fourth causes of action set forth in his amended complaint; (2) dismissing defendant's counterclaim; and (3) for an order directing defendant to submit to further examination by deposition and to produce at said examination certain books and records. Plaintiff's motion for summary judgment with respect to the second cause of action has been withdrawn.

Defendant has made cross-motions for summary judgment dismissing the first, third and fourth causes of action.

From the year 1944 until on or about March 27, 1946 plaintiff was employed by defendant as District Manager of its Stran-Steel Division in the New York area. The Stran-Steel Division manufactures and sells steel quonset buildings and steel framing for buildings.

In early January, 1946, plaintiff resigned his position as New York District Manager and was granted a dealer franchise for Philadelphia County, Pennsylvania, pursuant to the terms of a letter dated March 27, 1946. Pursuant to an understanding between the parties, plaintiff organized a corporation known as "American Steel Framing Corporation" in April, 1946, to conduct the affairs of the dealership. By letter dated January 7, 1947, his territory was extended to include portions of adjacent counties in Pennsylvania. The dealership continued during 1947, and the early part of 1948. Defendant claims that it terminated the dealership by letter dated August 25, 1948.

The first cause of action seeks to recover damages for loss of sales claimed to have been caused by defendant's alleged failure to ship steel quonset buildings ordered by the plaintiff in April, 1946. As to this cause of action defendant raises substantial questions of fact, (1) among them being whether the sales allegedly lost were outside plaintiff's territory; (2) whether defendant did make a definite commitment that it would ship the order; (3) whether plaintiff waived any claim of loss due to delay in shipment. Plaintiff raises additional questions of fact such as whether he did or did not properly reserve his rights if there was a cancellation of the contract. Therefore, since substantial and genuine issues as to material facts appear from the affidavits and pleadings on file as to the first cause of action, summary judgment must be denied both parties. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant's counterclaim is based on the alleged failure of plaintiff to promote vigorously the sale and good will for defendant's products in the designated territory during the period of his dealership prior to the alleged cancellation by defendant. The facts alleged in defendant's affidavits raise substantial questions of material facts as to plaintiff's performance in

this regard; therefore plaintiff's motion for dismissal of the counterclaim must be denied in accordance with Rule 56.

Plaintiff's third and fourth causes of action will be taken together since they both claim damage due to breach of plaintiff's franchise agreement by the appointment of the Athos Steel Company of Philadelphia in place of plaintiff as dealer in the territory originally granted to plaintiff. Defendant stated as a defense to these causes of action that it terminated plaintiff's dealership prior to the appointment of the Athos Steel Company as dealer. Defendant bases this assertion on the effect of three letters sent to plaintiff, and plaintiff's counsel agreed, and so stated at the argument, that these three letters are the *only* documents or evidence that need be considered in ruling on the motions in regard to the third and fourth causes of action; furthermore, he agreed that if defendant is correct in its assertion, then defendant has a complete defense to these causes of action, and that these causes of action must fall. This Court is mindful of the view of the Court of Appeals of this Circuit in the matter of granting summary judgment as expressed in the case of Colby v. Klune et al., 2 Cir., 1949, 178 F.2d 872, and, with that decision before it, the Court was careful to interrogate counsel at the argument of the motions as to whether there exists any issue of fact in regard to these causes of action or any question of parol testimony as a construction of the letters, or any question of the credibility of witnesses, but was informed by both sides that no such questions exist, and, in effect, obtained an "unequivocal waiver of a trial on oral testimony" (Colby case) on these causes of action.

The first letter, dated March 27, 1946, contains the entire agreement with respect to plaintiff's franchise and appointment as a dealer, and contains the following provision for termination: " * * * your appointment as a dealer creates no legally-binding obligation between yourself and the Great Lakes Steel Corporation, and you, as a dealer, or the Great Lakes Steel Corporation may terminate this agreement at any

time, upon giving to the other party, thirty days written notice."

Franchise agreements commonly contain such provisions for termination upon short notice, and it has been held that cancellation in accordance with such a provision effectively terminates the agreement, and no damages can be claimed on account of such termination. Bushwick-Decatur Motors v. Ford Motor Co., 2 Cir., 1940, 116 F.2d 675, and cases cited therein. Such right of cancellation is not limited by any requirement of good faith, unless so stated in the agreement, and though the consequences of such a cancellation might be unfortunate, they commonly occur and must be anticipated by those who enter into agreements containing such termination provisions. Id., 116 F.2d at pages 675-677; Bendix Home Appliances v. Radio Accessories Co., 8 Cir., 1942, 129 F.2d 177, 182.

Upon plaintiff's papers it does not appear that he challenges the validity or enforceability of the termination provision. He contends merely that there was not a cancellation because there was never a compliance with the thirty-day notice provision. Whether there was proper notice given depends upon a judicial interpretation of two other letters sent by defendant to plaintiff.

On July 22, 1948 defendant wrote plaintiff's corporation as follows: " * * * It has not been our intention to terminate your dealership, but if you are not agreeable to a division of the territory in order to give us complete coverage you may consider this letter to you formal notice of cancellation of the agreement between us dated March 27, 1946, which cancellation shall become effective thirty days from date * * *."

On August 25, 1948, after expiration of the thirty-day period, defendant wrote plaintiff's corporation as follows:

"Not having received a reply to our letter of July 22, 1948 we presume that you are not willing to remain as our dealer under the conditions outlined in our letter, but that on the contrary you prefer to consider

our agreement with you of March 27, 1946 terminated.

"Accordingly, we have marked our records to the effect that this agreement was cancelled as of August 24, 1948, thirty days after the date upon which you received our letter."

▮▮▮ As a matter of law, no question as to the definite position taken by the defendant in the letter of July 22nd exists. Cf. Curtiss Candy Co. v. Silberman, 6 Cir., 1930, 45 F.2d 451, 453. This letter certainly met the requirement of the termination provision in the franchise agreement by giving plaintiff positive warning thirty days in advance of the termination date that the agreement would be terminated at such time. This was all the protection to which the parties agreed. See All States Service Station v. Standard Oil Co., 1940, 73 App. D.C. 342, 120 F.2d 714, 715. The only purpose of such notice is to apprise the other party that the party giving notice intends to terminate the contract. Lyon v. Pollard, 1874, 20 Wall. 403, 407, 87 U.S. 403, 22 L.Ed. 361. Plaintiff claims that this letter was not a sufficient notice of intention to terminate since it was a conditional notice, plaintiff being given in the letter the option of continuing the dealership on other terms. Since defendant, or plaintiff, had the absolute right at all times to cancel the agreement upon thirty days' notice without giving any reason therefor, the reason assigned or the condition imposed was immaterial. It is obvious that defendant could have proceeded in two steps by first terminating the agreement, and then offering the plaintiff new terms; there appears no reason why defendant could not accomplish the same results in one step as long as his intentions were definite, and made known to the plaintiff. Cf. Corgan v. George V. Lee Coal Co., 1907, 218 Pa. 386, 67 A. 655, 120 Am.St.Rep. 891, 11 Ann.Cas. 838.

Plaintiff's counsel cites numerous cases for the proposition that a notice of cancellation must be clear and unequivocal. This is of course true, and it is difficult for the Court to see how any reasonable person could consider the notice sent by the defendant on July 22nd to be anything but clear, unambiguous and unequivocal.

The letter of final termination, dated August 25th, 1948, is equally definite, stating that defendant had already marked its records to show that its agreement with plaintiff was cancelled as of August 24, 1948, "thirty days after the date upon which you received our letter."

Thus the effective termination of the franchise agreement on August 24, 1948, compels this Court to grant defendant's motion dismissing the third and fourth causes of action.

▮▮▮ Plaintiff also requests an order directing the defendant to submit for further examination by deposition. The questions that defendant refused to answer related to the subject of damages incurred by plaintiff under the third and fourth causes of action, i. e., as to sales by the Athos Steel Company. Since those causes of action of the plaintiff have been dismissed, defendant need not answer questions relating to sales made by any dealers in the territories originally granted to plaintiff if such sales were made subsequent to August 24, 1948.

Accordingly, it is the decision of this Court:

(1) That plaintiff's motion for summary judgment in his favor as to the first, third and fourth causes of action and for summary judgment dismissing defendant's counterclaim, is denied;

(2) that plaintiff's motion to compel examination of the defendant is disposed of as aforesaid;

(3) that defendant's motion for summary judgment dismissing the first cause of action is denied;

(4) and that defendant's motion for summary judgment in his favor on the third and fourth causes of action is granted and that the third and fourth causes of action are dismissed.

Settle order in accordance with this decision.