**UTILITIES ENGINEERING INSTITUTE
v. BENDALL.**

No. 1128.

Municipal Court of Appeals
District of Columbia.

Argued Oct. 16, 1951.

Decided Nov. 19, 1951.

Julian P. Lundy, Washington, D. C. (Jack N. Steinberg, Washington, D. C., on the brief), for appellant.

Allan Fisher, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant, a correspondence school, sued for a balance of $170 claimed to be due under a contract with defendant for a course in auto body and fender training. Defendant resisted the suit on the ground that he had exercised his right of cancellation under the contract. The trial judge found that defendant owed only $30 and entered judgment accordingly.

Plaintiff appeals, claiming that the cancellation was ineffective because it did not comply with the contract. The cancellation clause reads: " * * * it is agreed that this contract may be canceled, provided I have notified the school in writing by registered mail, and have paid the school $50.00 to cover the initial cost of registration, setting up my enrollment, service preparation, and first instructional material, plus $15.00 for each month or part of a month I have been enrolled, regardless of the extent to which I have progressed in the training. I have this privilege of canceling, provided it is taken advantage of within four months after date of acceptance of this contract and before completion of one-half of the regular lessons."

Appellant admits having received the letter of cancellation but contends it was ineffective because given by ordinary, not registered mail. To this proposition we cannot assent. The contract was signed June 7, 1949 and accepted by the school's registrar in Chicago on June 9, 1949. Defendant student sent his letter of cancellation on August 1, 1949 and it was received by the school on or about August 3, more than two months before the expiration of the cancellation provision recited in the contract. To say that the student lost his rights because his letter came by ordinary instead of registered mail would be to erect an artificial barrier having no foundation in reason or law. As the Supreme Court said many years ago, "The only object or purpose of any notice in the case was to apprise the party on whom it was served that the other party intended to terminate the contract." Lyon v. Pollard, 20 Wall. 403, 407, 87 U.S. 403, 407, 22 L. Ed. 361, cited in All States Service Station

v. Standard Oil Co., 73 App.D.C. 342, 120 F.2d 714. Such purpose was undeniably accomplished in this case.[1]

Next appellant says the cancellation was invalid because though defendant had paid $50 to cover the initial costs, etc., recited above, he did not pay "$15.00 for each month or part of a month I have been enrolled." There can be no dispute that when defendant had paid a total of $50 he clearly discharged his initial obligation under the contract. But appellant says he owes the entire contract price because he did not pay the monthly fees before or at the time of the cancellation. The agreed statement on appeal recites that defendant later undertook to pay the required monthly payments and admitted liability therefor in his answer to the suit, and "that the cancellation privilege was taken advantage of * * * except as to the delay in making the Fifteen Dollars ($15.00) monthly payments." It goes on to recite that the privilege was taken advantage of before completion of one-half of the regular lessons, as provided in the agreement.

Though defendant admitted owing $45, the trial court found that he owed only $30 for two months. This finding seems to be accurate because when the cancellation letter was received at Chicago, defendant had been enrolled less than two months. On the argument before us counsel for appellant said he made no point as to the computation and was not concerned about the $15 difference; he was contending for the major proposition that defendant was liable for the full amount of the contract as a single unit. Appellant has cited to us no authority supporting that view and we think it would be wrong to apply so strict a rule. It must be remembered that when cancelled in August 1949 the contract was for the most part still executory; only ten of sixty-three lessons had been sent out by the school and of these only two had been completed by the student and returned to the school for correction, and the course of practical or shop training in Chicago was not to be reached for a long period.

We have found no school cases dealing with this precise question, and so we are applying principles of general contract law. We rule that under these circumstances, the right of termination having been expressly reserved to the student and he having exercised that right in substantial compliance with the contract provisions, the school had no right to enforce liability for the remaining unexecuted portions of the contract. J. R. Watkins Co. v. Brewer, 73 Ga.App. 331, 36 S.E.2d 442; Sharpe v. Great Lakes Steel Corporation, D.C.S.D.N. Y., 9 F.R.D. 691. See also Louisville Tobacco Warehouse Co. v. Zeigler, 196 Ky. 414, 244 S.W. 899; Siegel v. Lewis, 74 Cal.App.2d 86, 168 P.2d 50; Wichita Engineering Co. v. Roy J. Heyne Mach. Co., Tex.Civ.App., 200 S.W.2d 685.

The case at bar differs from those where a tuition or schooling agreement is treated as a single unit; e. g., Bergman v. Bouligny, D.C.Mun.App., 82 A.2d 760; Amis v. Air Conditioning Training Co., D.C.Mun. App., 65 A.2d 213, where the contract specifically recited that it was not subject to cancellation. Here the cancellation clause itself made it plain that in the event of termination the liability of the student was to be ascertained on a partial or graduated basis. That is the rule of liability which the trial court adopted in this case, and we think quite properly.

Affirmed.

CLAGETT, J., sat during the argument of this case, but died before it was decided.

1. Appellant relies on Phillips v. Kastens, Sup., 188 N.Y.S. 121, but there it was denied that the notice (cancelling an advertising contract) was ever received and also there was evidence that the advertisement continued to run after the alleged cancellation notice.