Joseph E. **RAYNOR**, Plaintiff,

v.

**BURROUGHS CORPORATION**,
Defendant.

Civ. A. No. 6781–N.

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 4, 1968.

J. Hubbard Davis, Norfolk, Va., for plaintiff.

William C. Worthington, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

By written contract dated January 4, 1965, Burroughs Corporation (Burroughs) and J. E. Raynor (Raynor), effective that date Raynor was appointed Branch Manager and Agent of Burroughs in charge of the Norfolk, Virginia office. No period of time was specified for the continuance of the employment, except as is provided in paragraph number 21. The contract provided in paragraphs 21 and 23, the following:

¶21. That either party hereto may cancel and terminate this agreement at any time by giving to the other party thirty (30) days' written notice thereof, to be delivered personally or by registered letter directed to the last known address of the party to be affected by such notice, in which event notice shall be deemed effective from the date said registered letter is deposited in the post office; * * *.

¶23. That there are no oral agreements or understandings affecting this agreement between the parties hereto; and that, except as provided in paragraph 18 hereof, no alteration or variation of the terms hereof shall be valid or binding unless made in writing and signed by both parties.

NOTE: ¶ 18 referred to above, provides that all applicable portions of the Field Marketing Manual and letters and other directives heretofore or hereafter issued, etc., become a part of this contract.

On May 20, 1968, Raynor filed suit against Burroughs alleging that Burroughs violated the terms of the contract "in that they did cancel and terminate this agreement without giving the necessary thirty days written notice thereof, as a result thereof the plaintiff was unlawfully and wilfully removed from his position—as of the 27th day of April 1968. Said notice having been given to the plaintiff through registered mail postmarked April 5, 1968."

Burroughs answered, attached photocopy of the contract, and asserted it had tendered to Raynor all sums due him up to time of termination of the contract and again tendered the sum of $2,415.95 to cover his salary up to May 13, 1968.[1]

On July 1, 1968, Burroughs filed its motion for summary judgment, to which it attached affidavit of its district manager, Flynt, asserting he is in charge of the personnel affairs in the area in which the Norfolk office is located. He asserts that on March 15, 1968, he verbally notified Raynor that his employment as Norfolk branch manager would be terminated April 27, 1968, and offered him another position; that on April 5, 1968, he sent Raynor a registered letter confirming the previous March 15th verbal notice cancelling the contract;

---

1. Subsequently, it asked leave to amend its answer and tender $1,949.24 as the correct amount due.

that Raynor thereafter declined the new position offered him, and by registered letter of May 13, 1968, Burroughs terminated Raynor's employment as of May 13, 1968. Copies of the letters are attached to the affidavit. Burroughs also filed with its motion for summary judgment the affidavit of one Stone, setting forth that he is an attorney in the office of the Vice President and Secretary of Burroughs and empowered to tender to Raynor the compensation due him; that on May 22, 1968, tender of $1,949.24 due Raynor through May 13, 1968, was made and refused. Copies of the letters sending the check and the refusal of acceptance, along with photocopy of the check, are attached to the affidavit.

No affidavit is filed or other evidence presented to refute the facts set out in the affidavit filed by Burroughs. However, plaintiff's counsel filed a pleading entitled "Denial of Motion for Summary Judgment" in which he moves the Court to deny the motion for summary judgment, asserting there is a "genuine issue in this case, that is; the integrity of a contract and that it was violated by its irregular cancellation," and plaintiff is entitled to have the matter tried by a jury.

Rule 56 of the Federal Rules of Civil Procedure prescribing the procedure for summary judgment provides that the judgment sought shall be rendered forthwith if the pleadings and affidavits show there is no genuine issue. The Rule provides that the affidavits shall be made on personal knowledge, shall set forth facts which would be admissible in evidence, and shall show affirmatively affiant is competent to testify as to the matters stated therein; that when a motion is supported as provided in the Rule, the adverse party "may not rest upon the mere allegations or denials of his pleading," but his response, by affidavit, or as otherwise provided in the Rule, must set forth specific facts. Here the facts are not in dispute.

The contract provided the employment could be terminated by either party by the giving of a thirty day written notice delivered personally or by registered letter, and if by registered letter, it would "be deemed effective from the date said registered letter is deposited in the post office." In this case a registered letter was deposited in the post office April 5, 1968, from Burroughs to Raynor. However, it did not specify the contract was to be terminated thirty days from that date. It related to a proposed new assignment effective April 29th. What was to happen if Raynor was not interested in the new assignment? Did he still remain employed under the contract? The letter did not say. Thereafter, by registered letter of May 13, 1968, Burroughs notified Raynor his employment was terminated as of May 13, 1968. For the reasons hereinafter stated, Raynor is entitled to his pay for the period up to June 13, 1968. The contract provided that notice "shall be deemed effective from the date said registered letter is deposited in the post office." That is, the contract terminated thirty days after the letter was deposited in the post office.

Plaintiff contends that a written notice was required setting forth a date certain when the contract would terminate, which date was to be at least thirty days after the date the notice was mailed. Defendant contends that a notice given attempting to terminate the contract in less than thirty days is nevertheless good notice and terminates the contract upon the expiration of thirty days from date given.

The parties stipulate that the contract should be construed pursuant to the law of the State of Michigan. That is of little or no consequence, since the law of Michigan follows the majority rule relative to giving of notice to terminate such contracts.

In the early Michigan case of Derry v. Board of Education, 102 Mich. 631,

61 N.W. 61 (1894), a contract of employment contained provision for its termination on one week's written notice. The court treated an oral notice as sufficient to terminate the contract, stating the employee was only entitled to one week's wages for the one-week period specified in the termination clause. Here the Court said:

The board refused him employment at the opening of the school. This was equivalent to notice, and entitled him to recover for only one week's salary.

In Lyon v. Pollard, 20 Wall. 403, 22 L.Ed. 361 (1874), the employment contract for personal services specified it might be terminated by either party giving thirty days' notice in writing. Notice was given September 19, 1870, and plaintiff discharged October 4, 1870. The Court held that the notice of September 19th was sufficient to terminate the agreement at the expiration of thirty days from its date. Here the Court said [20 Wall. 403, 407]:

The only object or purpose of any notice in the case was to apprise the party on whom it was served that the other party intended to terminate the contract. The contract itself fixed the time when this should take place, namely, thirty days after the service. The fact that the notice refers to a past notice and speaks of the termination of the contract as being already accomplished, does not destroy its effect as a notice of present intent to put an end to the arrangement. This notice of intent the contract makes effectual at the end of thirty days, and so the court was asked to instruct the jury. In declining to do this the court left the jury to infer that it had no effect whatever.

It is probable that if the first notice was wholly waived or abandoned the defendant had no right to dismiss the plaintiff until the 19th day of October. But even in reference to damages defendant had a right to show that under the contract and the notice she had only fifteen days to remain, and was injured only to that extent.

In Shain v. Washington National Insurance Conpany, 308 F.2d 611, 96 A.L.R.2d 265 (8th Cir. 1962), the Court dealt with the provisions of a contract for termination of employment. There, at page 614, the Court said:

And it is the general rule that where a contract, whether it be one for employment or for insurance or of a different kind, requires written notice of cancellation upon a stated time, a notice failing to meet the time requirement, but otherwise appropriate, is nonetheless effective upon the lapse of the time required by the contract. Lyon v. Pollard, 1874, 87 U.S. (20 Wall.) 403, 407, 22 L.Ed. 361; All States Service Station v. Standard Oil Co., 1941, 73 App.D.C. 342, 120 F.2d 714; E. I. Du Pont De Nemours & Co. v. Lyles & Lang Const. Co., 4 Cir. 1955, 219 F.2d 328, 340–341, cert. den. 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280; Sharpe v. Great Lakes Steel Corp., S. D.N.Y.1950, 9 F.R.D. 691, 693–694. Other cases are collected in the annotations in 35 A.L.R. 893 and 126 A.L.R. 1110.

In E. I. Du Pont De Nemours & Co. v. Lyles & Lang Const. Co., 219 F.2d 328, Chief Judge Parker dealt with the question of giving of notice to terminate a contract. At page 341, he said:

And we do not think that the notice of termination was void on the ground that 30 days' notice as required by the contract was not given. On February 7, 1952, plaintiff was duly notified to suspend operations at the Beech Island site. On March 5 a letter of termination was sent, terminating the contract as of March 7. The letter of February 7 served all the purposes of a letter of termination, in giving plaintiff notice not to incur further expense at Beech Island. If, however, it was not sufficient, the only effect of the insufficiency was to extend to April 4 the effective date of termination, and there is no evidence of any damage or inconvenience resulting from the delay.

In All States Service Station v. Standard Oil Co., 73 App.D.C. 342, 120 F.2d 714 (1941), Associate Justice Vinson, later Chief Justice Vinson, dealing with the same issue said:

> The contract set the period that the notice must run. The Service Station agreed by contract that ten days' notice sufficiently protected its position. It was notified in clear terms that the Standard Company was terminating the contract. The legal effect of the Standard Company's letter, therefore, should be that the contract came to an end ten days after its receipt by the Service Station. By giving the letter this effect, the Service Station received fully the protection to which it agreed, the period of notice is determined by the appropriate contract provision, and the Standard Company's definite, meaningful act is not an empty gesture. To hold that the letter had no effect because it mistakenly set a period short of that required would make a modern application of the brittle fifteenth century common law. The rule which we adopt, that a notice, good in all other respects, such as being definite rather than a mere statement of future intention, is not made totally ineffective because it states a period shorter than the contract requires, is in accordance with the authorities.

In 35 Am.Jur., Master and Servant, § 27, page 463, it is said:

> As a general rule, where a contract of employment stipulates that it may be terminated on giving notice of an intention to end it a certain time prior to the time of termination, a shorter notice than that stipulated, or a discharge without notice, is effective after the lapse of the agreed time or even immediately, on condition of payment of compensation for that period.

Again, in Williston on Contracts, Third Edition, Vol. 9, § 1017, page 136, the author says:

> In general, where a contract of ordinary employment stipulates for, or where usage requires, a certain period of notice, the employment may be cancelled on shorter notice or with none at all upon payment of wages or salary for the period of notice. And it seems that if a shorter notice is given, it becomes effective at the expiration of the requisite period thereafter.

See also Sonotine Corp. v. Ladd, 17 Wis.2d 580, 117 N.W.2d 591 (1962), Shea v. Kerr, 1 Penne 530, 43 A. 843 (Del.1899), Watson v. Russell, 149 N.Y. 388, 44 N.E. 161 (1896), Chevrolet Motor Co. v. McCullough Motor Co., 6 F.2d 212 (9th Cir. 1925), 17 Am. Jur. 2d, page 973, Contracts, ¶498, Anno. 96 A.L.R. 2d 272.

In addition, even where there is a discharge of the employee without giving the written notice required by the contract, it has been generally held that the measure of damages is limited to the compensation which would have accrued during the notice period. In this case, May 13, 1968 to June 13, 1968. Lyon v. Pollard, supra, In re Petroleum Carriers Co., 121 F.Supp. 520 (D.C. Minn.1954), Chevrolet Motor Co. v. McCullough Motor Co., supra, Stolz v. Wells, 43 S.W.2d 163 (Tex.Civ.App.1931), Derry v. Board of Education, supra, Freiburger v. Texas Co., 216 Wis. 546, 257 N.W. 592 (1934), Sedgwick on Damages, 9th Ed. § 668, 25 C.J.S. Damages § 74, p. 853.

Taking the position most favorable to plaintiff, the termination date would be thirty days from the written registered mail notice of May 13th. Defendant's tender of payment says it covers compensation to June 7, 1968. If the parties cannot agree on the sum to be paid to June 13, 1968, the Court will fix a time to hear evidence.