Phyllis **MALTBY**, Plaintiff-Appellee,

v.

**J. F. IMAGES, INC.,** a Colorado Corporation, Defendant-Appellant.

No. 80CA0922.

Colorado Court of Appeals,
Div. II.

Aug. 6, 1981.

Worstell & Wyatt, Louis A. Weltzer, Denver, for plaintiff-appellee.

Howard J. Glicksman, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, J. F. Images, Inc., appeals from a judgment in favor of plaintiff, Phyllis Maltby, in an action for breach of an employment contract. Although defendant now contends that the trial court erred in not finding that impossibility of performance discharged its duty to perform the requirement for a termination notice specified in the contract, its motion for new trial did not address this; therefore, we do not consider it. C.R.C.P. 59(f); *Fort Lupton State Bank v. Murata*, Colo.App., 626 P.2d 757 (1981). However, we do agree with defendant that the measure of damages used by the trial court was erroneous and, therefore, reverse on this issue.

The material facts pertinent to our resolution of the damages issue are, with the exception noted below, essentially undisputed. Plaintiff began her employment as fashion director for defendant on June 4, 1979, at a salary of $1,000 per month. The parties entered into a written agreement which provided for one-year employment to be self-renewing at the beginning of each calendar year. It further provided that either party "shall have the right to terminate this Agreement upon ten (10) days' notice, in writing, given to the other party by certified mail, return receipt requested."

Plaintiff testified that defendant's president orally and summarily terminated her on June 12; defendant presented testimony to the effect that the date of termination was June 11. Plaintiff performed no further services for defendant subsequent to this termination. She received one paycheck for the period June 4 including June 11, 1979, computed at a daily rate of pay of $45.45.

Plaintiff initiated the present action on August 2, 1979, alleging that her employment with defendant had not been terminated because she had not received the notice specified in the contract and seeking compensation until such time as there had been compliance with the notice provisions. Thereafter, on August 3, defendant sent plaintiff a letter by regular mail to an address furnished by plaintiff in mid-June advising her of the termination of her employment as of June 11. Defendant's president stated in the letter and testified at

trial that written notice of termination was not sent earlier because plaintiff did not furnish defendant with a mailing address. At trial, plaintiff conceded that the August 3 letter could be considered to have terminated the contract, entitling plaintiff, as an alternative to continuing compensation, to two months' salary.

Based on evidence that one or more addresses were known to defendant to which it could have attempted to send notice, the trial court found that defendant's performance with respect to the notice requirement of the contract was not excused. It awarded damages for two months' salary in the amount of $2,000, with interest commencing August 13, 1979, ten days from the date of written notice of termination.

On this appeal, the parties agree that the proper measure of damages in the event of a notice effective to terminate an employment contract but not in compliance with the notice provisions of the contract is compensation for the stipulated notice period. Plaintiff maintains that the trial court properly found that the only effective notice here was the letter of August 3, and that its award of damages based on that finding was correct. Defendant argues that plaintiff is limited to damages amounting to only what she would have earned during the ten-day notice period from the date of actual notice in June. The issue which we must resolve, therefore, is whether the oral notice which plaintiff received in June was adequate to effect a termination of the contract upon the expiration of the stipulated notice period. We hold that it was.

▮ Initially, we note that where, as here, the issue which we address is a question of law and the operative facts are, with the exception noted, undisputed, we are not bound by the trial court's findings and conclusions. *See In re Marriage of Robinson*, Colo. 629 P.2d 1069 (1981).

▮ Generally, where an employment contract requires, for its termination, notice for a specified time, a summary notice is effective to terminate the employment at

the conclusion of the period of notice, and therefore, the proper measure of damages is the compensation accrued during the notice period. *See Raynor v. Burroughs Corp.*, 294 F.Supp. 238 (E.D.Va.1968); *see generally* Annot., 96 A.L.R.2d 272; 9 S. Williston, Contracts § 1017 (W. Jaeger 3rd ed. 1967); *cf. Nolan v. Lantz Sanitary Laundry Co.*, 85 Colo. 247, 274 P. 931 (1929). It has been held also that this rule is applicable where the notice was given orally in violation of a contractual requirement for written notice. *Stolz v. Wells*, 43 S.W.2d 163 (Tex.Civ.App. 1931); *Derry v. Board of Education*, 102 Mich. 631, 61 N.W. 61 (1894); *See Raynor v. Burroughs Corp., supra.*

▮ We adopt these rules as applicable to the factual circumstances of this case. The parties provided in their employment agreement that ten days' notice protected their respective positions. Hence, by receiving actual notice of termination on June 11 or 12, albeit verbal, plus compensation for the stipulated notice period from that date, plaintiff received the protection for which she bargained. *See Lyon v. Pollard*, 87 U.S. 403, 20 Wall. 403, 22 L.Ed. 361 (1874); *Raynor v. Burroughs Corp., supra.*

The judgment of the trial court is reversed insofar as it awarded $2,000 in damages. We note that it is undisputed that the plaintiff was paid through June 11. Accordingly, on remand the trial court is directed to make a finding relative to the date plaintiff was given verbal notice in June 1979, and to enter an award of damages for a period of ten days after the date of that notice. In addition, the judgment should include interest at the rate of 8% per annum on the amount of judgment from the date of judgment until paid.

VAN CISE and TURSI, JJ., concur.