See, also, D.C., 166 F.Supp. 301.

James F. McMANUS, Plaintiff,

v.

CAPITAL AIRLINES, INC., Allegheny Airlines, Inc., Eastern Air Lines, Inc., Trans World Airlines, Inc., United Air Lines, Inc., Braniff Airways, Incorporated, Delta Air Lines, Inc., National Airlines, Inc., Northeast Airlines, Inc., Western Airlines, Inc., Bonanza Air Lines, Inc., Continental Air Lines, Inc., Lake Central Airlines, Inc., Piedmont Aviation, Inc., Trans-Texas Airways, Inc., The American Society of Travel Agents, Inc., Evelyn Ryan and Joseph M. Ryan, individually and as co-partners doing business under the trade name and style of Hempstead Travel Bureau and Travel Bureau of Hempstead, Defendants.

Civ. A. No. 18689.

United States District Court
E. D. New York.

Feb. 15, 1960.

James F. McManus, pro se.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendants

Trans World Airlines, Inc., Capital Airlines, Inc., Braniff Airways, Inc., Delta Air Lines, Inc., Eastern Air Lines, Inc., by Edward R. Neaher, New York City, of counsel.

Hardin, Hess & Eder, New York City, for defendant United Air Lines, Inc., by Monroe Collenburg, New York City, of counsel.

Herman I. Meltzer, New York City, for defendant National Airlines, Inc.

Simpson, Thacher & Bartlett, New York City, for defendant Northeast Airlines, Inc., by William J. Manning, New York City, of counsel.

Chapman, Walsh & O'Connell, New York City, for defendant Lake Central Airlines, Inc., by George Berlstein, New York City, of counsel.

Hale, Stimson, Russell & Nickerson, New York City, for defendants Allegheny Airlines, Inc., American Society of Travel Agents, Inc., and Evelyn C. Ryan and Joseph M. Ryan, by Norman Kavanaugh, Eugene H. Nickerson and Ruth Joseph, New York City, of counsel.

BYERS, District Judge.

This is a plaintiff's motion for summary judgment under Rule 56, 28 U.S.C., in an action to recover treble damages for alleged violation of the anti-trust statutes, in the sum of $16,875,000. For reasons to be stated, the motion is denied. There are material issues of fact raised in the pleadings, which is a sufficient basis for the ruling made.

A brief discussion of the subject matter may be helpful in future developments of the litigation, which is the only reason for setting forth more than the bare decision.

The plaintiff is by way of being a licensed agent to sell hotel reservations, transportation tickets and accident and baggage insurance, and also a lawyer. He therefore pleads his own cause.

The defendants are respectively fifteen scheduled airlines, The American Society of Travel Agents, Inc. (ASTA) and two individuals named Ryan sued individually and as co-partners doing business under a trade name.

The complaint, filed May 6, 1958, consists of 85 paragraphs, the presently material allegations being contained in paragraphs 65, 66 and 67, wherein joint action on the part of the defendants is alleged which resulted in the disapproval of the plaintiff as an authorized travel agent of the several airline defendants.

Paragraph 73 states that the defendants

"have conspired among themselves to prevent plaintiff from exercising the lawful trade in the State of New York of the sale of tickets, orders or choses in action (sic) for intrastate and interstate scheduled air transportation and other services of a travel agency as aforesaid all in violation of the Anti-Trust Laws of the United States."

Paragraphs 13 to 73 plead sundry matters of evidence instead of ultimate facts. As to most of them, the several answers contain clear denials, thus the necessity for a trial of the issues.

The plaintiff argues that this requirement is not present because of certain proceedings had by the Civil Aeronautics Board which eventuated in its decision in Docket 8300 et al., on June 10, 1959.

That was the result of a departmental inquiry as to "the resolutions and procedures established by the Air Traffic Conference of America (ATC) for the selection and retention of travel agents since Board approval of the original ATC Agency Resolution in 1941." The quotation is from the Board's opinion of the date mentioned.

Without going into unnecessary details, it may be stated that the outcome of the proceedings was:

(a) the adoption of rules amending the original Agency Resolutions said to have been in effect, as amended, since 1941, as to certain matters of practice touching the application for and decision upon the selection of travel agents authorized to sell transportation upon the scheduled airlines here involved;

(b) the plaintiff having been permitted to intervene in that proceeding, made a "motion" in effect challenging the decision of the Board which was filed as a complaint and given the docket number 10892. That was dismissed, apparently because of a failure on the part of the plaintiff to demonstrate that the said carriers had maintained an agency list in violation of Section 411 of the Federal Aviation Act (now Tit. 49 U.S. C.A. § 1381).

Plaintiff has sought a review of that decision and his appeal is now on the calendar of the Court of Appeals for the Second Circuit.

■ The plaintiff seeks to avoid the taking of testimony in this cause, by relying upon what he designates to be the findings made in the proceedings before the Board, namely what was submitted to and reported by the Examiner who conducted the inquiry, and the action of the Board in passing with approval, upon certain of his recommendations.

The reasons why this argument cannot prevail do not require exposition, but may be thus summarized:

The inquiry was not in the nature of an adversary proceeding as the result of which anything like adjudication ensued. It was a departmental inquiry undertaken to enable the Board to discharge its duties with an enlightened understanding of how best the public interest could be served.

Somewhat as the result of plaintiff's presentation, the Examiner became convinced, and so reported, that changes should be made in the procedures concerning the selection of travel agents by the affected airlines who acted in unison. He did not find that the law had been violated, or that the original resolutions were illegal, but that they had proven to be insufficient and inadequate to accomplish the purpose of fairly and justly permitting the carriers to provide a joint agency for the screening and approval of travel agencies.

The action of the Board is found in the second paragraph of its opinion. The opening words are:

"Upon consideration of the entire record, we agree with the Examiner's recommendations for retention and modification of the conference system * * *."

The ensuing discussion is painstaking and enlightening. The conclusions appear at page 19, and it was pursuant thereto that the said resolutions were amended.

The Board has refused to attempt to adjudicate anything between this plaintiff and these defendants; it follows that no findings have been made to which this court could turn as an excuse for not taking testimony upon the issues raised by these pleadings.

Cf. Churchill Tabernacle v. F. C. C., 81 U.S.App.D.C. 411, 160 F.2d 244, at page 246, Niagara Mohawk Power Corp. v. F. P. C., 91 U.S.App.D.C. 395, 202 F. 2d 190, at page 198.

The statute in its present form is substantially the same as that in effect when the complaint was filed and the immunity from the impact of the Sherman and Clayton Act now reads: (Title 49 U.S.C.A. § 1384)

"Any person affected by any order made under sections 1378, 1379, or 1382 (namely such as that referred to in the above Opinion of the Board; paren. supplied) of this title shall be, and is hereby, relieved from the operations of the 'antitrust laws', as designated in section

12 of Title 15, and of all other restraints or prohibitions made by, or imposed under, authority of law, insofar as may be necessary to enable such person to do anything authorized, approved, or required by such order."

This was formerly Title 49 U.S.C.A. § 494—the act in force when the complaint was filed.

The earlier version of the same statutory exemption was before the court and tacitly approved in Putnam v. Air Transport etc., D.C., 112 F.Supp. 885. There, a defendants' motion for summary judgment was granted.

Seemingly the plaintiff would have this court pass upon the constitutionality of the quoted statute. His brief contains the following:

"Your plaintiff thus respectfully submits that the question of the constitutionality of any statute which defendants would assert on this motion gives or has given them any right to regulate plaintiff's business or entry into any business in any respect is at issue here and now on this motion."

This is of course the introduction of a new contention.

■ The plaintiff's primary assertion is that the facts necessary to sustain his cause have been established in his favor, by action of the Board. That has not been seen to be so, but for better or for worse, he has looked to the statute and proceedings under it to vindicate his complaint. Now he would have this court declare the statute and all that it sanctions, to be unconstitutional, on a motion for summary judgment. While no injunction, in terms, is sought, Title 28 U.S.C. § 2282 would admonish this court to look askance at such a request.

The broad question of whether equality before the law is indeed a basic concept in our form of government will have to be faced sometime or other, in connection with this or other legislation that in terms exempts one class of citizens from the operation of a given law, while exacting obedience thereto by all others. Perhaps a court of instance will be required to take the first step along the path that shall ultimately lead to the decision of so searching a judicial inquiry.

Clearly such a matter is not adequately encompassed in the papers before the court on this motion.

Motion denied. Settle order on four days' notice within ten days from the date hereof.