W. D. WELCH, Appellant, v. BEN WELCH et al., Appellees.

No. 40987.

SEPTEMBER 29, 1931.

Chas. S. White, for appellant.

Graham & Graham, for appellees.

ALBERT, J.—The defendants were tenants on the farm of the plaintiff under a written lease dated August 25, 1928, and to evidence the reserved rent, two promissory notes were executed, one for $800.00 due October 15, 1929, and the other for $1,280.00, due February 1, 1930. These notes being unpaid on August 30, 1930, plaintiff commenced suit thereon, aided by attachment. The principal defense made was that the action was not commenced in time.

The record shows that the notice for the commencement of this action was placed in the hands of the sheriff, petition filed and attachment issued and served on August 30, 1930.

Among the provisions of the lease we find:

"The party of the first part * * * has this day leased unto the party of the second part the following described premises, to wit, (here follows a description of the premises) * * * from the first day of March, 1929 to the 28th day of February, 1930, including both of said days."

Section 10261, Code, 1927, provides for a landlord's lien. Section 10262 reads as follows:

"Such lien shall continue for the period of one year after a year's rent, or the rent of a shorter period, falls due. But in no case shall such lien continue more than six months after the expiration of the term."

The matter of disputation between the parties here is as to the construction and application of the above-quoted section. The claim of the defense is that under the aforesaid section, the last day on which action could be brought was the 28th day of August, 1930, while the contention of the plaintiff is that the last day was September 1, 1930.

The rules for computation of time are quite well settled in this state, the general rule, of course, being that the first day is excluded and the last day included, but we do not think this rule has any application to the situation before us. This limitation statute provides that the lien created shall not "continue more than six months after the expiration of the term." The primary question therefore to be determined is when the term under this lease expired. Both parties seem to agree in their arguments that it expired at exactly midnight on the 28th day of February, 1930. This fixes the point of expiration. In other words, when this lease expired, no part however infinitesimal of the 28th day of February remained, and the next instant of time was on March 1, 1930.

The intention of the legislature here was that the lease must fully expire before this limitation commenced to operate. It says in so many words "after the expiration of the term." While it is true that the term "after" has been held by the courts in some instances to be inclusive and in others to be exclusive, we think, under the wording of this statute, "after" is used in its ordinary signification, and means under these circumstances, that

the whole of February 28th must have passed before the limitation statute commenced to operate.

Defendants rely largely on Chicago Title & Trust Co. v. Smyth, 94 Iowa 401, in which a bill of sale was being construed covering a merchandise stock and net proceeds of sales "from and after April 1st." The case laid down the general rule for the construction of this phrase "from and after" to be that "if it is from an act done, it is inclusive, but if from a day it is exclusive."

In the case at bar, if we attempt to apply this rule, it will be found that there was no act whatever done under this contract which terminated it, but the lapse of time alone accomplished that end.

Reliance is also placed on Arnold v. Board of Supervisors of Kossuth County, 151 Iowa 155. In that case the question was as to the date on which a statute became operative. The act provided that it should "take effect and be in full force from and after its publication" in two named newspapers. It was published in such papers on April 19th, 1909, and the holding of the court was that the statute took effect "from and after" the date of its publication and not on such date.

While the term "after" has been construed many times by the courts under different circumstances (a list of such decisions will be found in Words & Phrases) we think our conclusion here is in line with the great weight of authority, and our last above cited case, if applicable to the instant case, is in line with this conclusion.

At this point, we seek to apply the statute which provides that a lien shall not continue more than six months after the expiration of the term. We are here controlled by the definition of the word "month" in the statute, and are not computing time by days. Sub-division 11, Section 63, Code, 1927, provides: "The word 'month' means a calendar month."

Applying this to the situation we have before us, six calendar months would start with and include the month of March, and end with and include the entire month of August, which latter month is shown by the calendar to include 31 days. Hence under the statute, this action having been commenced on August 30th, it is undisputedly "within six months of the expiration of the term." We conclude, therefore, that the ruling of the dis-

trict court, in so far as it held that the defense as set out was not available to the defendant, was a correct holding. This results in an affirmance as to the defendants' appeal.

■ Under the attachment issued, the sheriff, among other things, levied upon a tractor and plow, but when this matter first came before the court, on being called to the attention of the court, it was held that in so far as the levy on these two articles was concerned, they were levied on in Carroll county and not in Audubon county, the latter county being the home of the attachment, hence it was void.

On December 17, 1930, another attachment was issued and on that date the said tractor and plow, which were then in Audubon county, were duly levied on and seized by the sheriff of that county. It is the claim of the defendants as to this matter that the action was commenced too late, and the landlord's lien had expired. The court in its decree held that the attachment created by the lien was on all personal property attached except a John Deere tractor and a three-bottom plow, and as to these. items, the court made no finding but left the matter open. Later in the decree he ordered the sheriff to sell all of the attached property, except the tractor and the plow, whereupon defendants filed a motion to dismiss the attachment as to said tractor and plow. This motion was sustained, and it is from this ruling the plaintiff appeals.

Having heretofore found that this action was commenced within time, we know of no reason why when the court held the first attachment against said tractor and plow void because the levy was made beyond the jurisdiction of the sheriff, a second attachment could not issue and hold the property when properly levied upon and within the jurisdiction of the court. In fact, section 12093, Code, '27, in substance so provides. While the court in his original decree left the matter open, it was squarely brought before it by the motion to release the same, and its ruling thereon would be binding on both parties. The court should have overruled this motion to release this property, and in failing so to do, it erred.—Affirmed on Defendants' appeal; Reversed on Plaintiff's appeal.

FAVILLE, C. J., GRIMM, KINDIG, DE GRAFF, and MORLING, JJ., concur.