**HUSTON, Plaintiff-Appellant, v. TRAVELERS INSURANCE CO., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3915. Decided October 22, 1946.

Carl H. Valentine, Columbus, for Plaintiff-Appellant.

Wright, Harlor, Purpus, Morris & Arnold, H. B. Arnold, Jr., Columbus, of Counsel, for Defendant-Appellee.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, which rendered judgment for the defendant in an action wherein the plaintiff, as beneficiary, sought to recover $2000.00 insurance on the life of her husband who was the holder as an employee of a certificate of insurance issued by The Travelers Insurance Company under a group insurance policy, to the Columbus Metal Products, Inc. The matter was tried to a jury and at the close of the case by consent of parties the jury was withdrawn and the case submitted to the Court.

The plaintiff-appellant in her assignments of error claims the trial court erred in the following particulars, to-wit:

First: The trial court erred in overruling plaintiff's motion, made upon the completion of the introduction of evidence by the defendant, to direct the jury to return a verdict in her favor.

Second: The trial court erred in finding and entering judgment in favor of the defendant.

Third: The trial court erred in overruling plaintiff's motion for a new trial.

All three assignments of error revolve around a law question and will be considered together. The husband of the plaintiff was employed by the Columbus Metal Products, Inc., at the time the group policy of insurance was issued. He was regularly employed until January 15, 1944, except for short periods during which he was incapacitated by reason of ill-

ness. After January 15, 1944, he was wholly disabled, was unable to work and did not work up until August 21, 1944, the date of his death which was caused by angina pectoris. On April 3, 1944, the Columbus Metal Products, Inc., notified the insurance company that the insurance on decedent was terminated.

The defendant contends that by reason of such notice the contract of insurance was not in force on August 21, 1944, the date of death of the insured. The plaintiff. contends that the notice was ineffectual to terminate the contract of insurance according to the terms of the policy.

Because of the legal question raised we deem it advisable to set forth certain provisions in the master policy and also certain provisions contained in the certificate issued to the insured. The master policy provided that,

"The company will issue to the employer for delivery to each employee whose life is insured hereunder an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom payable, and containing provision to the effect that in case of the termination of the employment for any reason whatsoever the employee shall be entitled to have issued to him by the company without further evidence of insurability, and upon application made to the company within thirty-one days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance, in any one of the forms customarily issued by the company, except term insurance, with permanent total disability benefit equivalent to that provided hereunder, in an amount equal to the amount of the employee's protection under this policy at the time of the termination of his employment."

Said master policy further provided:

"Termination of Insurance—The insurance of any employee covered hereunder shall end when his employment with the employer shall end except in a case where at the time of such termination the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such employee during the continuance of such disability for the period of three months from the date upon which the employee ceased to work and thereafter during the continuance of such disability

and while this policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee. Nothing in this paragraph contained shall limit or extend the permanent total disability benefit to which an employee shall become entitled under this policy.

"Temporary lay-off or leave of absence for reasons other than physical disability as aforesaid shall not be considered as termination of employment for the purpose of this insurance, unless the employer shall so elect."

The certificate issued to the insured contained the following provision:

"The insurance of any employee covered under said policy shall end when his employment with the employer shall end or prior thereto when the employee shall cease to pay to the employer the required amount to apply toward the premium for this insurance, except in a case where at the time of termination of employment the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such employee during the continuance of such disability for the period of three months from the date upon which the employee ceased to work and thereafter during the continuance of such disability and while the group policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee. Nothing in this paragraph contained shall limit or extend the permanent total disability benefit to which the employee shall become entitled under the policy."

Said certificate also provided:

"Conversion privilege—Any employee of the employer covered under this group policy shall, in case of the termination of employment for any reason whatsoever, be entitled to have issued to him by the company without further evidence of insurability, and upon application made to the company within thirty-one days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the company, except term insurance, with permanent total disability benefit equivalent to that provided hereunder in an amount equal to the amount of the

employee's protection under this policy at the time of the termination of his employment."

The sole question for determination is whether the notice given on April 3, 1944, was effectual to terminate the insurance. Obviously, according to the provisions of the certificate the insurance remained in effect for a period of three months from the date the insured ceased to work and "thereafter during the continuance of such disability and while this policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee." Did the notice given April 3, 1944, which purported to terminate the insurance as of that date, which was prior to the expiration of the three months period, effectually terminate the insurance? The law relative to the termination of fire insurance contracts is urged as being applicable to the termination of life insurance contracts. While we recognize there is a distinction in the character and purpose of the two classes of insurance, nevertheless, the same fundamental principles of contract law are applicable.

Where the notice terminating a fire insurance contract stipulates a date of termination earlier than that provided in the policy, the notice is effectual to terminate the insurance after the expiration of the full time stipulated in the policy, and the fact that the notice fixes a shorter period than that prescribed in the policy does not invalidate it as a notice of termination of insurance to become effective at the expiration of the prescribed time. Talston v Royal Ins. Co., 140 Pac. (Wash.) 552; American Glove Co. v Penn. Fire Ins. Co., 15 Cal. A., 77, 113 Pac., 688; Hanover Fire Ins. Co. v Wood, 209 Ala., 380, 96 So. 250. The case of Oldfield v Chevrolet Motor Co., 35 A. L. R., 889, 199 N. W. (Iowa), 161, cited by counsel for the plaintiff apparently takes the other view but is contrary to the weight of authority according to the note found on page 899 of Vol. 35 A. L. R. It must be observed that this case did not involve a contract of insurance. See also Vol. 6, Couch on Insurance, 5087; 32 C. J. 1249-50; 45 C. J. S., 91-2.

The one case which is claimed to be on all fours with the instant case involving a life insurance contract is Black v Travelers Insurance Company, 165 So. (Ala.) 221. In that case the same issues were raised as in the case at bar. The insured was wholly disabled and notice to cancel the insurance was given by the employer before the expiration of the three months after the insured ceased to work. The plaintiff contended, as in the instant case, that notice given before the expiration of the three months period was ineffectual to cancel

the insurance; that the notice may not be given until after the expiration of the three months period. The defendant in that case is the defendant in the instant case, and from an examination of the opinion of the Court we conclude that the policy under consideration contained provisions similar to those in the policy in the instant case. The Court in its opinion say:

"The rule is well settled in this and other jurisdictions that, when the notice declares that the cancellation is presently operative, or fixes a time shorter than that prescribed, where the policy requires a certain number of days' notice, it becomes effective at the expiration of the prescribed period. Hanover Fire Ins. Co. v Wood, 209 Ala., 380, 96 So., 250; 32 Corpus Juris, 1249, 1250, Sec. 437, Note 18; 35 A. L. R. p. 899, et seq. note. We think that the provision in the policy that its liability may continue for three months, and 'until the employer shall notify the company to terminate the insurance as to such employee', does not mean that the notice may not be given during those three months. The term 'until' means, we think, the time fixed by the notice in words or effect to be after the expiration of the three months' period, but no such requirement is properly inferred as to the time when the notice shall be given."

Plaintiff relies on the case of Emerick v Connecticut General Life Insurance Company, 105 A. L. R., 413, 120 Conn., 60, 179 Atl. 335. In that case it was held:

"The coverage of an employees' group insurance policy, which by its terms was to 'automatically cease with the termination of employment' is not terminated by dropping from the payroll an employee who has been laid off and notifying the insurer that his insurance is to be cancelled, where no notice of termination of employment was given the employee, who under the terms of a policy had a right (to the exercise of which notice of termination of employment was essential) within thirty-one days after the termination of employment to take out a policy in any of the forms customarily issued by the insurer, without further evidence of insurability."

We are of the opinion that the decision in that case hinged on the interpretation of the phrase "termination of employment" and may be distinguished on the basis of the factual question involved. Moreover, we find that Ohio Courts have refused to follow it. See Betteley v. Fisher Bros. Co., 32 Abs., 83,

affirmed by the Supreme Court in 137 Oh St 534.

See also **Aetna Life Ins. Co. v Lembright, 32 Oh Ap 10; Thull v Equitable Life Assurance Society, 40 Oh Ap 486.**

The plaintiff contends that the employer should give notice to the insured of its intention to terminate the insurance in order that the insured may avail himself of the conversion privilege. This point was stressed in the Emerick case. In the instant case neither the master policy of insurance nor the certificate issued to the insured required such notice to be given, and we therefore hold that the employer was under no obligation to give notice to the insured. See Betteley v Fisher Bros. Co., supra; Thull v Equitable Life Assurance Society, supra.

We have been furnished with an exceedingly well prepared opinion of Judge Leach in which he very ably discussed the issues raised and the law applicable thereto. We approve of his reasoning and conclusions. Finding no error in the record, the judgment of the trial court is affirmed.

HORNBECK, PJ., WISEMAN and MILLER, JJ, concur.