SONOTONE CORPORATION, Respondent, v. LADD, Appellant.*

*October 2—October 30, 1962.*

* Motion for rehearing denied, with $25 costs, on January 10, 1963.

582

For the appellant there was a brief and oral argument by *Roscoe Grimm* and *Jacob Geffs,* both of Janesville.

For the respondent there was a brief by *Dougherty, Campbell, Brennan & Steil,* and oral argument by *Paul M. Ryan,* all of Janesville.

FAIRCHILD, J.   The circuit court, in dismissing the plea in abatement, appears to have considered the provisions of the contract and the purported notice of termination, which were properly before the court on the motion for summary judgment, but which were not incorporated in the plea in abatement.   In their briefs and upon oral argument here the parties have argued the matter virtually as if those facts were a part of the plea.   Under the circumstances, we will consider the matter in the same light, and will treat the part of the order which dismisses the plea as an order sustaining a demurrer to the plea on the ground that it does not state a defense.

A plea in abatement is an answer [1] and subject to demurrer [2] when it does not state a defense.   A motion to

---

[1] *Stephens v. Wheeler* (1927), 193 Wis. 164, 213 N. W. 464, and *Binsfeld v. Home Mut. Ins. Co.* (1944), 245 Wis. 552, 555, 15 N. W. (2d) 828.

[2] Sec. 263.17, Stats.

dismiss a plea in abatement on such ground amounts to a demurrer.[3]

Two questions appear to be presented: (1) Assuming that Ladd's failure to sell his quota of hearing aids gave Sonotone the right to terminate under paragraph 19 of the contract, did Sonotone fail to give the required thirty-day written notice and thus fail to terminate the contract? (2) Assuming that a proper thirty-day written notice was given, then, if a controversy over whether Sonotone was responsible for Ladd's failure to sell his quota arose before the attempted termination, must there be arbitration of that controversy before the termination can be given effect? Ladd's motion for summary judgment raised only the first question since he produced no evidentiary facts to show the existence of the controversy before termination.

1. *Sufficiency of notice.* Notice was mailed by Sonotone March 30th and received by Ladd April 1st. It stated that termination would be effective April 29th (thirty days after the date of mailing, but twenty-eight days after the date of receipt). Sonotone claims that the time is to be measured from the date of mailing, citing New York decisions which reached that conclusion, but which appear to us to be distinguishable on the facts and not to lay down a general rule wherever a contract calls for written notice of a specified duration.[4]

Sonotone further argues that the reference to April 29th as the effective date was superfluous, and that since the notice was clearly given under paragraph 19, it became effective thirty days after receipt, or May 1st. We agree.

---

[3] *Kilcoyne v. Trausch* (1936), 222 Wis. 528, 532, 269 N. W. 276. See *Lounsbury v. Eberlein* (1957), 2 Wis. (2d) 112, 86 N. W. (2d) 12, treating a motion to strike as a demurrer.

[4] *Reed v. St. John* (1867), 2 Daly (N. Y.) 213; *Metropolitan Life Ins. Co. v. Schmidt* (1949), 299 N. Y. 428, 87 N. E. (2d) 442; *Kantrowitz v. Dairymen's League Co-op. Asso.* (1947), 71 N. Y. Supp. (2d) 821, 272 App. Div. 470.

"What is the legal effect of a notice of cancellation which fails to comply with a policy or statutory requirement that it be given a certain specified number of days in advance of the cancellation date? In the instant case, insofar as the plaintiff bank is concerned, we hold that the policy continued in force and effect for five additional days from February 9, 1950. We held in *Amberg Granite Co. v. Marinette County* (1945), 247 Wis. 36, 18 N. W. (2d) 496, and *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 56 N. W. (2d) 860, that this was the proper rule to apply in cases involving notices rescinding contracts." [5]

It follows that summary judgment was properly denied.

2. *Sufficiency of defense in the nature of abatement.* Sec. 298.02, Stats., provides:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Although the contract in two instances uses the words "employed" and "employ" with respect to the relationship between the manager and Sonotone, it does not appear from the contract that Sonotone had such right to control the activity of the manager as to constitute the relationship one of employer and employee. It follows that the arbitration clause in this contract is not excepted from the Wisconsin Arbitration Act by sec. 298.01, Stats. We note, of course, that the contract calls for arbitration in accordance

[5] *Seeburger v. Citizens Mut. Fire Ins. Co.* (1954), 267 Wis. 213, 219, 64 N. W. (2d) 879.

with the arbitration laws of New York, and this may render some of the provisions of the Wisconsin Act inoperative. But sec. 298.02 will control the procedure within Wisconsin courts. It happens, to be sure, that the procedure provided in New York is virtually the same.[6]

Thus, if Ladd's plea that he is entitled to arbitration is sufficient and is established, he will not be entitled to abatement of the action in the ordinary sense (dismissal without prejudice to commencement of a new action when the cause of action accrues),[7] but only to a stay until arbitration has been had.

Sonotone's counsel, and the circuit court, read paragraph 27 as if the arbitration must have been demanded before termination. The contract, however, says that there shall be arbitration of any difference, dispute, or controversy *arising* before expiration or termination. It is clear that "expiration" and "termination" are not used in the sense that all the provisions of the contract become inoperative upon expiration or termination. By paragraph 17, the manager agrees to indemnify Sonotone from certain claims and demands; paragraph 23, previously quoted, creates obligations of the manager after expiration or termination; paragraph 24 requires the manager to permit Sonotone to assume his lease at that time; and by paragraph 25, the manager agrees not to engage in the hearing-aid business in the same territory for fifteen months from the date of termination or expiration. Under these circumstances it does no violence to the meaning of the terms "expiration" or "termination" to hold that the obligation to arbitrate continues thereafter, if the difference, dispute, or controversy arose before.

In the instant case, moreover, the dispute and controversy, alleged in the plea, go to the validity of the cause

---

[6] 6B Gilbert-Bliss, Civil Practice of New York, p. 322, sec. 1451.
[7] *Binsfeld v. Home Mut. Ins. Co., supra,* footnote 1, p. 558.

on which the termination was predicated, and therefore to the right to terminate and the effectiveness of the attempted termination. The court of appeals of New York has held that under an agreement to arbitrate any and all controversies in connection with the contract, an issue over a claim that the contract was canceled by a subsequent contract must be arbitrated.[8] We conclude that if, before termination, a dispute arose concerning the right to terminate, Sonotone was not permitted to transfer the resolution of the dispute from the arbitration procedure to the courts by attempting a termination, predicated upon the cause about which a dispute had arisen.

It may be argued that the termination provisions supersede, to the extent of any conflict, the provision for arbitration, so that the right to terminate is always to be determined by the judicial process. Sonotone, however, prepared the contract. Any ambiguity is to be construed most strongly against the party who prepared the contract.[9]

Construing the allegations of the plea liberally, it makes a claim that a dispute arose before the termination of the contract as to whether Ladd or Sonotone was responsible for Ladd's failure to sell his quota and whether under the circumstances Ladd's failure entitled Sonotone to terminate the contract under paragraph 19. The contract does not require that a demand for arbitration must have been made before May 1st. Ladd, in order to sustain his right to arbitration, must satisfy the court at a hearing for the purpose of sec. 298.02, Stats., that the dispute can reasonably be said to have arisen before that date.

Counsel for Sonotone has contended that Mr. Ladd believed on April 1st that the contract had been terminated

---

[8] *Lipman v. Haeuser Shellac Co.* (1942), 289 N. Y. 76, 43 N. E. (2d) 817, 142 A. L. R. 1088.

[9] *Strong v. Shawano Canning Co.* (1961), 13 Wis. (2d) 604, 609, 109 N. W. (2d) 355.

and did not challenge termination until July 19th. In support of the motion to dismiss the plea as sham and dilatory, he produced a copy of a form letter written by Ladd on April 1st to his customers, and an advertisement published May 31st, announcing that Ladd would continue in the hearing-aid business for himself. It is suggested that Ladd has made an election to consider the contract terminated. These facts may be relevant at the hearing on the issue of whether a difference, dispute, or controversy had arisen. They do not establish as a matter of law that Ladd waived his right to arbitration. If counsel contends that Ladd's conduct in opening his own business is an acknowledgment that Sonotone effectively terminated the contract under paragraph 19, it must be observed that although Ladd's action is consistent with a termination of the relationship with Sonotone, it is not consistent with a *rightful* termination under paragraph 19. After termination pursuant to the contract, Ladd's continuation in the hearing-aid business in the same area would violate paragraph 26, binding him not to engage in the hearing-aid business in the area and during the time prescribed.

*By the Court.*—Order affirmed insofar as it denied summary judgment; reversed insofar as it dismissed the plea in abatement. Cause remanded for further proceedings.