INTERNATIONAL TRADING COMPANY, Appellant, v. J. C. PENNEY COMPANY, Respondent.

*No. 38. Argued January 6, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 680.)

508

The cause was submitted for the appellant on the briefs of *A. L. Skolnik* of Milwaukee, and for the respondent

on the brief of *Foley, Sammond & Lardner* and *Robert A. Christensen,* all of Milwaukee.

BEILFUSS, J.   Can a written lease, which contains a provision granting the lessee a right of termination "at any time after the first 9 months of the term, by giving Lessor not less than two (2) months notice" be terminated by the giving of notice at the end of the seventh month of the term to be effective at the end of the ninth month?

Plaintiff raises two principal arguments in an attempt to show the lease was not properly terminated.  First, it is asserted that notice could not be given until after the first nine-month period had expired, thus making the end of the eleventh month the earliest date at which the tenant could lawfully stop paying rent.  Secondly, it is argued that even if notice could have been given prior to the end of the ninth month, the effective date could not be March 31, 1968, since March was still within the nine-month term.

The trial court was of the opinion that the time of giving notice in the instant case was governed directly by this court's opinion in *Deree v. Reliance Tool & Machine, Inc.* (1947), 250 Wis. 224, 232, 26 N. W. 2d 673. We agree.  Judge FOLEY, in his memorandum decision, stated:

"Paragraph 24 of the lease is clear and unambiguous. The phrase 'After the first nine months of the term' is definitive of the time for termination of the lease and not for exercising the option by giving notice.  The minimum occupancy indicated by that paragraph would be nine months, not 11 months as argued by the plaintiff. In *Deree v. Reliance Tool & Machine, Inc.* (1947), 250 Wis. 224, our supreme court construed a similar contract and said:
" ' " This agreement shall begin as of October 1, 1943, and shall continue until December 31, 1948; subject, however, to the rights of either yourself or the undersigned

to terminate it upon ninety days' notice at any time after October 1, 1944." . . . It is argued that no notice could be given terminating the contract prior to October 1, 1944, and therefore the contract remains in full force and effect. We cannot agree with this contention. Either party has a right to terminate the contract after October 1, 1944. Prior thereto ninety days' notice had to be given, . . . so terminating it after October 1, 1944, it was sufficient to comply with the terms of the contract.'

The phrase 'after nine months' is not definitive of the word 'option' but the word 'term.' The Court, therefore, would rule that the defendant had a right to terminate the contract after nine months.

"The plaintiff's notice was given on January 30th and by its terms terminated the lease on March 31st, the last day of the nine months."

Plaintiff attempts to distinguish the language of the termination clause in *Deree, supra,* from that in the instant case. The words "at any time after" are used in both leases except that in *Deree* they follow immediately after the word "notice." In this case the language "at any time after" precedes the clause: "the first 9 months of the term, by giving . . . notice. . . ." Plaintiff argues that the comma between the clauses indicates that "any time after" modifies the notice provision and allows notice to be given only after nine months have expired. Yet, grammatically, the ordinary use of this comma would denote an intent to separate the clauses and not to modify the notice provision by the language: "any time after the first 9 months." The placement of the modifying phrase is further away from the notice clause in the instant lease than was the case in *Deree, supra.* Thus, the holding of *Deree* clearly governs this case and does directly control this appeal.

The second point raised by the plaintiff is that the lease could not be terminated in March, 1968, since March was only the ninth month of the term. Defendant argues that termination as of the last day of the ninth month

complies with the lease provision that permitted cancellation only "after the first 9 months." To support this proposition it cites this court's opinion in *Sonotone Corp. v. Ladd* (1962), 17 Wis. 2d 580, 117 N. W. 2d 591. That case involved the termination of an employment contract that required thirty days' written notice in order to terminate the relationship. The notice in that case was mailed March 30th, and received April 1st. It specified an effective date of April 29th, thirty days from the day of mailing. The court stated, at page 585:

"Sonotone further argues that the reference to April 29th as the effective date was superfluous, and that since the notice was clearly given under paragraph 19, it became effective thirty days after receipt, or May 1st. We agree."

The Supreme Court of Iowa was faced with an analogous time computation problem in a lease construction case in which a statutory landlord's lien dated from the time of the lease's expiration. In attempting to determine the exact point of termination the court said:

"The rules for computation of time are quite well settled in this state, the general rule, of course, being that the first day is excluded and the last day included, but we do not think this rule has any application to the situation before us. This limitation statute provides that the lien created shall not 'continue more than six months after the expiration of the term.' The primary question therefore to be determined is when the term under this lease expired. Both parties seem to agree in their arguments that it expired at exactly midnight on the 28th day of February, 1930. This fixes the point of expiration. In other words, when this lease expired, no part however infinitesimal of the 28th day of February remained, and the next instant of time was on March 1, 1930.

"The intention of the legislature here was that the lease must fully expire before this limitation commenced to operate. It says in so many words 'after the expira-

tion of the term.' While it is true that the term 'after' has been held by the courts in some instances to be inclusive and in others to be exclusive, we think, under the wording of this statute, 'after' is used in its ordinary signification, and means under these circumstances, that the whole of February 28th must have passed before the limitation statute commenced to operate." *Welch v. Welch* (1931), 212 Iowa 1245, 1246, 1247, 238 N. W. 81.

The analogy to the instant case dictates that the termination was effective at midnight March 31, 1968, immediately following the passing of the first full nine months of the term.

*By the Court.*—Judgment affirmed.