Lawrence J. ASHKER, D.O.,
Plaintiff-Respondent-Cross-Appellant,

v.

AURORA MEDICAL GROUP, INC. and
Aurora Health Care, Inc.,
Defendants-Appellants-Cross-Respondents.†

Court of Appeals

*No. 2012AP2245. Submitted on briefs August 19, 2013.
—Decided November 20, 2013.*

2013 WI App 143

(Also reported in 841 N.W.2d 297.)

† Petition for Review denied May 22, 2014.

On behalf of the defendants-appellants-cross-respondents, the cause was submitted on the briefs of *Mary P. Jacoby, Sean M. Scullen* and *Courtney R. Heeren* of *Quarles and Brady, LLP*, Milwaukee.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the brief of *Christopher D. Wolske, Robert N. Duimstra* and *Brenton D. Teeling* of *Menn Law Firm, Ltd.*, Appleton.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. Lawrence Ashker, D.O., was a radiologist employed by Aurora Medical Group, Inc.

Ashker and Aurora entered into an employment contract that allowed Aurora to unilaterally terminate Ashker's employment in one of three ways: (1) termination immediately upon the occurrence of any one of seven specific events; (2) termination upon a material breach of the contract, provided Aurora gave Ashker written notice specifying the breach and gave Ashker thirty days to cure the breach; and (3) termination for any reason (i.e., "without cause") with ninety days' notice and ninety days' pay. Aurora terminated Ashker's employment without following any of the three contractual options. Aurora terminated Ashker, effective immediately, when it learned that Ashker was accused of trying to cover up medical malpractice by attempting to delete medical records. Ashker's action did not fall within the enumerated list of events that would allow Aurora to immediately terminate his employment, Aurora did not give Ashker thirty days to cure the breach, and Aurora did not provide Ashker with ninety days of pay.

¶ 2. The circuit court, on motions for summary judgment, awarded Ashker ninety days' pay per the "without cause" clause of his employment contract and dismissed Ashker's claims for breach of the duty of good faith and fair dealing, defamation, and tortious interference with contract. Aurora appeals the court's order on Ashker's breach of contract claim, and Ashker cross-appeals the court's remaining rulings. We affirm.

## BACKGROUND

¶ 3. Ashker and Aurora entered into a written employment agreement effective October 1, 2007. The agreement provided specific means for its termination. Relevant to this appeal, the agreement provided:

> 5.1 *Termination.* This Agreement shall terminate if any of the following events occur:

196

5.1.1 By [Aurora] or, with [Aurora's] consent by a two-thirds vote of the members of the Management Committee of the Division to which [Ashker] is assigned, without cause, if it shall provide written notice to [Ashker] at least ninety days prior to the date of termination. In the event of termination for this reason, [Aurora] may elect to pay [Ashker] for the period through the termination date based on [Ashker's] average monthly production for the last 12 months prior to the notice and require that [Ashker] no longer provide services or appear for work through the last day of employment (i.e. ninety days after the notice) but with the employment otherwise continuing through the ninety days after such notice.

. . . .

5.1.4 By either party, upon the material breach or violation of the terms of this Agreement by the other party, provided the breaching party has been given written notice specifying the nature of the breach or violation and a period of 30 days in which to cure such breach or violation . . . .

The agreement also provided a list of seven specific occurrences that allowed Aurora to immediately terminate Ashker, none of which is applicable to this case.

¶ 4. Shortly after he began working for Aurora, Ashker misdiagnosed a patient when he failed to spot a lesion on an x-ray image. After another physician notified Ashker of his error, several Aurora employees reported that Ashker inquired about deleting images

from the patient's medical file. One employee claimed that Ashker offered money to make the deletion. Following an investigation, Aurora's Management Committee voted to discharge Ashker. A letter of termination was given to Ashker the day of the vote, informing him that his employment was "terminated for cause under provision of article 5.1.4" of the employment agreement for behavior that "does not align with our values of accountability, teamwork and respect," which Aurora stated was "not curable."

¶ 5. Ashker sued Aurora for breach of contract or, alternatively, for breaching its duty of good faith and fair dealing by failing to abide by the termination provisions of the employment agreement. Ashker also alleged in the complaint that Aurora had defamed him by making "false and defamatory statements" and providing "false information" about him to others and that these statements had interfered with a "contractual relationship" and potential contracts for employment.

## STANDARD OF REVIEW

■

¶ 6. We review a decision on summary judgment employing the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). We will affirm a decision granting summary judgment if we find "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2) (2011–12).[1]

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## DISCUSSION

### *Breach of Contract and Breach of Duty of Good Faith and Fair Dealing*

¶ 7. The interpretation of a contract presents a question of law reviewed independently on appeal. *Tufail v. Midwest Hospitality, LLC*, 2013 WI 62, ¶ 22, 348 Wis. 2d 631, 833 N.W.2d 586. "Where the terms of a contract are clear and unambiguous, we construe the contract according to its literal terms." *Id.*, ¶ 26. The contract at issue is clear and unambiguous.

¶ 8. Aurora appeals the circuit court's order that it pay Ashker for ninety days of work under the "without cause" clause of its employment agreement. Aurora argues that as it had cause to terminate Ashker and as Ashker's conduct was not curable, it could immediately terminate his employment without breaching the contract. We disagree. The purpose of the "without cause" clause of Aurora's employment agreement with Ashker is not to govern termination solely in cases where there is no reason for termination; the purpose of this clause is to allow Aurora to terminate an employee without having to later prove to a jury that it had cause to do so and to limit its payments upon such a termination. If Aurora had wanted to be able to immediately terminate Ashker under the circumstances presented in this case, it could have negotiated such a term into the employment agreement.

¶ 9. The contract expressly limited Aurora's ability to immediately terminate Ashker to seven, specific events, none of which the parties allege to have oc-

curred. The contract further allowed Aurora to terminate Ashker for a "material breach or violation of its terms," provided that Aurora give Ashker thirty days' written notice and opportunity to cure the breach. Aurora did not do this. The only remaining manner in which Aurora could unilaterally terminate Ashker's employment was by resorting to the catch-all "without cause" section of the employment agreement, under which it was obligated to provide ninety days' notice or pay. Aurora provided notice when it told Ashker his employment was being terminated. The court properly ordered Aurora to pay Ashker for ninety days of work, which he was due under the "without cause" provision of the employment agreement.

¶ 10. As the court properly granted summary judgment on Ashker's breach of contract claim, we need not review the dismissal of Ashker's other, related contractual claim for breach of the duty of good faith and fair dealing.

*Defamation*

¶ 11. Ashker sued Aurora for defamation related to allegedly false statements made by its employees about Ashker. Ashker did not specify in his complaint what statements were allegedly false, and his pleadings were not amended. The general allegation in his complaint that Aurora made false statements does not meet the statutory requirement that "the particular words complained of shall be set forth in the complaint" for a defamation claim. *See* WIS. STAT. § 802.03(6). The circuit court properly dismissed this claim.

*Tortious Interference with Contract*

■

¶ 12. Ashker also contended that Aurora had "intentionally interfered" with prospective contracts he had with potential employers by completing evaluations of him at others' request, the result of which he alleged had led at least one employer to "let [him] go." To prevail on a claim of tortious interference with contract based on statements made in an employment reference, Ashker has to overcome the presumption that the employer provided the statements in good faith. *See* WIS. STAT. § 895.487(2). This can be done "only upon a showing by clear and convincing evidence that the employer knowingly provided false information in the reference, that the employer made the reference maliciously or that the employer made the reference in violation of" state employment discrimination laws. *Id.* Ashker did not present any evidence that demonstrates he could meet this burden. The court properly dismissed this claim.

## CONCLUSION

¶ 13. Aurora breached its contract with Ashker when it terminated Ashker in contravention of the clear and unambiguous language of the employment agreement. Ashker is entitled to ninety days' pay under the "without cause" provision of the agreement. Ashker's claims for breach of the duty of good faith and fair dealing, defamation, and tortious interference with contract were properly dismissed.

¶ 14. No costs to either party.

*By the Court.*—Order affirmed.

¶ 15. NEUBAUER, J. (*concurring*). I write to address (1) Aurora's contention that it is entitled to

201

terminate immediately for an incurable material breach,[1] and (2) the consequences of Aurora's decision not to provide the thirty-day opportunity to cure in its "for cause" termination letter. I concur because I agree that, under the circumstances presented, Aurora does not have the right to terminate immediately.

¶ 16. As regards the parties' breach of contract claims, I agree that the detailed contractual provisions comprehensively address termination. I also agree that there is no unstated eighth "catch-all" right to terminate immediately in the event of an incurable material breach not listed in the contract. However, I disagree as to the contractual options available to Aurora in that event. The comprehensive contractual scheme addresses unlisted, incurable breaches like the one here. When such a breach occurs, Aurora could discharge Ashker immediately for an incurable material breach, but the effective "for cause" termination date would be the contractually required thirty days. *See Sonotone Corp. v. Ladd*, 17 Wis. 2d 580, 585–86, 117 N.W.2d 591 (1962) (legal effect of a notice of cancellation that failed to comply with contract requirement that notice be given a specified number of days before the cancellation date is that contract continued in force until lapse of specified period).

¶ 17. However, rather than seeking to limit damages to thirty days, Aurora argues that, absent a right

---

[1] Both parties present the issues as whether, under the contract, Aurora could terminate immediately and what damages Ashker is entitled to, if any. Ashker states that any factual disputes relating to the termination and validity of Aurora's investigation are "irrelevant," and he also effectively concedes that there are no such disputed genuine issues of material fact by failing to develop any arguments to that effect. *See Gardner v. Gardner*, 190 Wis. 2d 216, 239 n.3, 527 N.W.2d 701 (Ct. App. 1994).

to terminate immediately, Ashker's damages should be limited to the ninety-day period provided in the "at-will" termination provision. Given Aurora's position, I agree that because Aurora could terminate Ashker at any time for any reason under the "without cause" provision, Ashker is limited to the ninety days' damages provided in the at-will termination provision in the contract. *Freiburger v. Texas Co.*, 216 Wis. 546, 550, 257 N.W. 592 (1934) (when at-will contract is terminated without required notice, damages are limited to the notice period).[2]

¶ 18. While the majority does not address the foreign rescission cases Aurora cites,[3] I agree that they are unavailing here. Aurora neither pled rescission nor did it mention rescission (or cancellation) in its termination letter, before the circuit court or on appeal. Rescission and the right to terminate a contract are distinct remedies. Termination of a contract does not seek to undo the contract, but to terminate obligations going forward, while rescission is the unmaking of a contract. *See Seidling v. Unichem, Inc.*, 52 Wis. 2d 552, 557–58, 191 N.W.2d 205 (1971) ("The effect of rescission is to restore the parties to the position they would have occupied if no contract had ever been made between them."); *see also Manpower Inc. v. Mason*, 377 F. Supp.

[2] Aurora cites *Entzminger v. Ford Motor Co.*, 47 Wis. 2d 751, 177 N.W.2d 899 (1970), for the rule that a material breach by one party excuses subsequent performance by the other. Aurora fails to provide us with authority that, in a breach of contract case, such a material breach excuses compliance with contractual termination requirements such as notice.

[3] *See Lyon v. Pollard*, 87 U.S. 403 (1874); *Larken, Inc. v. Larken Iowa City Ltd. P'ship*, 589 N.W.2d 700 (Iowa 1998); *Young Travelers Day Camps, Inc. v. Felsen*, 287 A.2d 231 (N.J. Dist. Ct. 1972); *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639 (Pa. 2009).

2d 672, 678 (E.D. Wis. 2005) (quoting 13 SARAH HOWARD JENKINS, CORBIN ON CONTRACTS § 68.9 (rev. ed. 2003)) ("This power to terminate must . . . be distinguished from the right an injured party has to cancel the contract for a breach that is a total breach of contract or that goes to the essence of the agreement.").[4] Instead of seeking to rescind, Aurora contends that it did not breach the contract when it sought to exercise its right of termination under the contract and advised Ashker that other provisions of the contract remained enforceable.

¶ 19. Under the circumstances, I concur with the majority's conclusion.

[4] For a discussion on the distinction between termination and rescission/cancellation, see 13 SARAH HOWARD JENKINS, CORBIN ON CONTRACTS § 68.9 n.5 (rev. ed. 2003), explaining how courts often misuse the terminology but that the right exercised for a breach that goes to the essence of a contract is that of cancellation, including discussions of *Larken*, 589 N.W.2d at 700, and *Young Travelers*, 287 A.2d at 231. In Wisconsin, we use the term rescission when a contract is ended due to a "substantial [breach] so serious as to destroy the essential objects or purposes of the contract." WIS JI—CIVIL 3076. *See also Manpower Inc. v. Mason*, 377 F. Supp. 2d 672, 678–79 & n.10 (E.D. Wis. 2005) (discussing difference between two remedies).